IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALTER CLEARY<br>136 S. Main Street<br>New Hope, PA 18938 | CIVIL ACTION |
| vs. | COMPLAINT and DEMAND FOR JURY TRIAL |
| THOMAS M. KING, SR.<br>330 Mt. Airy-Harbourton Road<br>Lambertville, NJ 08530 | |

## **COMPLAINT**

### PARTIES

1. Plaintiff, Walter Cleary, is an adult individual residing at 136 S. Main Street, New Hope, PA 18938.

2. Defendant, Thomas M. King, Sr., is an adult individual residing at 330 Mt. Airy-Harbourton Road, Lambertville, NJ 08530.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action in accordance with 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different States.

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

**FACTUAL ALLEGATIONS**

5. At all times material hereto, Defendant is the legal owner of real property located at 330 Mt. Airy-Harbourton Road, Lambertville, NJ 08530 (hereinafter "Property").

6. At all times material hereto, Defendant owned, operated, maintained, controlled and/or managed said Property, and was all times referenced herein, acting individually or through his duly authorized agents, servants, workmen or employees who were acting within the course and scope of their employment and on the business of said employer.

7. In or about May 2018, Plaintiff entered into an agreement with Defendant pursuant to which Defendant agreed to allow Plaintiff to store his tools, vehicle, equipment, and other belongings in the upper garage of the Property. In exchange, Plaintiff was responsible for mowing the Property's lawn situated on over fifteen acres of land.

8. On or about September 23, 2022, an electrical fire occurred at the Property causing the garage to erupt into flames, resulting in the total destruction and loss of Plaintiff's tools, vehicle, equipment, and other personal property.

9. Following the fire, Plaintiff discovered that there was an illegal electrical hookup on the Property, where Defendant ran a 220 volt supply wire from the garage to a steel structure approximately 150 feet away. Because the wire became weak and frayed over time rubbing against the steel structure, the wire wore down and sparked the fire which spread rapidly causing the damage described herein.

10. Defendant had actual and constructive notice of the dangerous condition created by the illegal electrical hookup, because Defendant was made aware by "Adam

Errickson", at least six months prior to the fire, that the wiring had previously shorted, became exposed and should be replaced.

11. Defendant refused to replace or repair the exposed wires from the illegal electrical hookup.

12. Plaintiff has at all times acted reasonably and done all that a reasonable person would do to mitigate his damages as a result of the fire.

**COUNT I - NEGLIGENCE**

13. Plaintiff incorporates the foregoing paragraphs as if more fully set forth at length herein.

14. The sole cause of the loss suffered by the Plaintiff, was the negligence and carelessness of Defendant, acting by and through his agents, servants, workmen and/or employees consisting as follows:

    a. Creating an illegal electrical hookup upon the Property;

    b. Failing to exercise reasonable care to make the Property safe;

    c. Failing to repair the visibly weak and frayed wires of the illegal electrical hookup;

    d. Failing to obtain appropriate electrical and building permits as required by local and state authorities, including West Amwell Township;

    e. Failing to take adequate steps to correct a dangerous known condition of the Property, and act with due care for the rights, position and safety of Plaintiff's property;

    f.  Failing to notify the Plaintiff that there was a prior electrical short caused by the illegal electrical hookup;

    g.  Failing to exercise reasonable care under the circumstances;

WHEREFORE, Plaintiff, Walter Clearly, demands judgment in his favor and against Defendant, Thomas M. King, Sr., in an amount in excess of $75,000.00, together with interest, costs and damages for delay.

## COUNT II – BAILMENT

15. Plaintiff incorporates the foregoing paragraphs as if more fully set forth at length herein.

16. When Defendant took possession of Plaintiff's tools, vehicle, equipment, and other belongings a bailment was created.

17. Pursuant to the bailment, Defendant was obligated to return the tools, vehicle, equipment, and other belongings in the same condition in which they were received.

18. Despite said duty and obligation, the tools, vehicle, equipment, and other belongings were not returned in the same condition as when they had been received by Defendant.

19. Solely as a result of Defendant's conduct, Plaintiff has suffered damage to his detriment and loss.

WHEREFORE, Plaintiff, Walter Clearly, demands judgment in his favor and against Defendant, Thomas M. King, Sr., in an amount in excess of $75,000.00, together with interest, costs and damages for delay.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues.

                                                   ZENSTEIN KOVALSKY BUCKALEW, LLC

BY: _____
                                                LISA A. BUCKALEW, ESQUIRE
                                                1240 Old York Road, Suite 101
                                                Warminster, PA 18974
                                                Attorney ID No.: 021231996
                                                lbuckalew@zensteinlaw.com
                                                (215) 230-0800
                                                *Attorney for Plaintiff*